UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Rateek Allah, *a/k/a* Rateek Love Allah, *a/k/a* ) C/A No. 9:16-251-BHH-BM
Lincoln Moody, *a/k/a* Jose, *a/k/a* Antonio )
Espinoza, )
                                                       Petitioner, ) **REPORT AND RECOMMENDATION**
)
vs. )
)
Warden of Estill, ~~United States of America~~; )
)
                                                       Respondent. )

The pro se Petitioner, Rateek Allah, a/k/a Rateek Love Allah, a/k/a Lincoln Moody, a/k/a Jose, a/k/a Antonio Espinoza, brings this application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the

---



[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].

development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Serve., 901 F.2d 387 (4th Cir. 1990).

**(Habeas Claims)**

Petitioner, an inmate at Estill-FCI at the time he filed his Petition, alleges that he is challenging his "unconstitutional sentence." Petition, ECF No. 1 at 3. In a bench trial, Petitioner was found guilty of distributing a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), and on January 27, 2006 was sentenced as a career offender to 210 months in prison, followed by three years of supervised release. See Moody v. United States, Nos. 07-80319-CIV, 05-80121-CR, 2008 WL 704421, *7-8. (S.D.Fla. Jan. 29, 2008). On October 20, 2006, the Eleventh Circuit affirmed Petitioner's sentence. United States v. Moody, 201 F. App'x 704, (11th Cir. 2006). Thereafter, the Southern District of Florida denied Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 on January 29, 2008. Moody v. United States, 2008 WL 704421, at *6. Petitioner states that he filed a grievance at FCI-Estill concerning his "unconstitutional sentence," but that FCI-Estill "threw grievance away." ECF No. 1 at 3. Further, although Petitioner states that he filed a motion in the Eleventh Circuit under 28 U.S.C. § 2244(b)(3)(A) seeking permission to file a second or successive § 2255 motion, he lists the result of his motion as "N/A." Id. at 5. Petitioner contends that his "due process rights were violated

2

when a juvenile conviction for robbery was used to enhance [his]sentence from 27-31 months to 17 ½ to 20 years [as a] career offender." ECF No. 1 at 7. He claims that this "violated the residual clause[.]" Id. at 8. Petitioner requests that the Court deem the use of this prior conviction to enhance his sentence as unconstitutional, and that he be resentenced without the use of the prior conviction. Id. at 9.

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a Petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, 238 F.3d 411 (4th Cir. 2000). Although Petitioner indicates that he has been unsuccessful in seeking relief under § 2255, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5. Rather, the Fourth Circuit announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:



3

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

However, Petitioner has not alleged that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Instead, he argues that the sentencing court improperly enhanced his sentence as a career offender based on a prior robbery conviction which he does not believe qualifies as a predicate for enhancement of his federal sentence. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) [challenge to sentencing factor is not cognizable under § 2241].[2] Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument concerning his sentence. See

---

[2] The undersigned is aware that in Surratt v. United States, 797 F.3d 240 (4th Cir. 2015), the Fourth Circuit appeared to leave open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of imprisonment exceeding the statutory maximum for the underlying charge. See Surratt, 797 F.3d at 209, rehearing en banc granted (Dec. 2, 2015). It is unclear in the record before this Court whether Petitioner's sentence might fall into this category. Even so, in light of Johnson v. United States and Welch v. United States, both discussed, infra, the undersigned concludes that until a determination is first made whether Petitioner's claim is cognizable under § 2255, he may not proceed under § 2241 in any event. Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991) [petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241]; cf. White v. Wilson, No. 15-3700, 2016 WL 1555699 at *2 (D.Minn. Apr. 18, 2016) [dismissing § 2241 petition, because Petitioner can seek authorization to file a second 28 U.S.C. § 2255 petition to seek relief under Johnson].



4

United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)[holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"]; see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)[refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender].

With respect to Petitioner's claim that his constitutional rights were violated because the use of his prior robbery conviction violated the "residual clause", he may be referring to the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015)[declaring the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), unconstitutionally vague]. Since it does not appear that Petitioner was sentenced pursuant to the ACCA, it is unclear at this time whether Johnson is applicable in his case. See United States v. Travis, No. 14-104, 2016 WL 843281 at * 4 (E.D.N.C. Mar. 1, 2016)["Johnson's effect on the identically-worded provision of the career offender enhancement, U.S.S.G. § 4B1.2(a)(2), is an open question in this circuit."]; Barnhart v. Saad, No. 15-99, 2016 WL 347340 at * 4 n. 4 (N.D.W.Va. Jan. 28, 2016)["District courts in the Fourth Circuit have reached divergent conclusions on the issue of whether Johnson is applicable to the corresponding residual clause of Guidelines § 4B1.2(a)(2)."](citing cases). But even if Johnson is applicable to his case, Petitioner has still not set forth any set of facts which could be construed to meet the prongs announced in Jones, as Johnson announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h); see Welch v. United States, No. 15-6418, 2016 WL 1551144, at * 11 (S.Ct. Apr. 18, 2016); see also White, 2016 WL 1555699 at *2 [dismissing § 2241 petition, because Petitioner can



5

seek authorization to file a second 28 U.S.C. § 2255 petition to seek relief under Johnson]; cf King v. Werlich, No. 16-300, 2016 WL 1583936 (S.D.Ill. Apr. 20, 2016)["[B]ecause Johnson announced a new rule of constitutional law, the holding of Johnson cannot be the basis for a § 2241 petition," but Johnson "may present grounds for filing a second or successive § 2255 motion," which would require permission from the appropriate court of appeals]; In re Robinson, ___ F.3d ___, No. 16-11304, 2016 WL 1583616 at *1 (11th Cir. Apr. 19, 2016); Jolly v. United States, No. 16-4, 2016 WL 1614409 at * 3 (W.D.N.C. Apr. 22, 2016)[providing sentencing relief under § 2255 where Petitioner argued "that, in light of Johnson, his prior Florida convictions for burglary and escape do not constitute 'violent felonies' for purposes of the ACCA[,]" the government conceded that Petitioner was correct, and the court reviewed the record and agreed].

As a result, this Court does not have jurisdiction to entertain Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Rather, in light of Welch and Johnson, Petitioner may seek permission to file a successive § 2255 petition with the Eleventh Circuit. See In Re Robinson, 2016 WL 1583616, at *1; Scott v. Wilson, No. 15-333, 2016 WL 1626593 (E.D.Va. Apr. 21, 2016)[Dismissing § 2241 petition for relief under Johnson, but noting that if the petition is successive that Petitioner will need to seek a certificate of appealability from the Fourth Circuit]; but see also Travis, 2016 WL 843281 at * 4 ["Johnson's effect on the identically-worded provision of the career offender enhancement, U.S.S.G. § 4B1.2(a)(2), is an open question in this circuit."]. Petitioner is further specifically advised that, **to the extent that Johnson applies to the Petitioner,**[3]

---

[3]In issuing this recommendation, the undersigned makes no determination as to whether Petitioner is entitled to relief pursuant to Johnson. Barnhart, 2016 WL 347340 at * 4 n. 4 ["District courts in the Fourth Circuit have reached divergent conclusions on the issue of whether Johnson is applicable to the corresponding residual clause of Guidelines § 4B1.2(a)(2)."](citing cases).



**the one-year limitations period[4] may have started to run on June 26, 2015, when the Supreme Court decided <u>Johnson</u>.** See <u>Dodd v. United States</u>, 545 U.S. 353, 359 (2005)[holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[ ]"].

### (Non-habeas Claims)

Although Petitioner's first ground for relief (discussed above) involves a claim for habeas relief, his remaining grounds of relief are claims relating to his conditions of confinement. In his second ground for relief, Petitioner alleges that the Warden of FCI-Estill violated his due process rights and his First Amendment right to free speech by failing to properly process his grievances. In his third ground for relief, Petitioner alleges that the warden and his medical staff neglected Petitioner's needs and violated the Americans with Disabilities Act by failing to give him leg rests for his wheelchair resulting in his falling and injuring himself. Petitioner also claims there is no "handicap shower" in his dorm and that he fell in the shower, he was denied psychological and HIV medications, and was denied "Boost Nutrition Drink" for his "defeated immune system."

---

[4]The AEDPA's one-year statute of limitations provides:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).




Finally, in his fourth ground for relief, Petitioner contends that the warden and the food service director failed to provide him with sufficient food calories, which hurt his immune system. Petitioner requests injunctive relief, including that the warden be ordered to hire an administrative remedy coordinator in accordance with the Federal Bureau of Prisons Program Statement, place Petitioner in a "handicap unit" with a "handicap cell and handicap shower," give him medications and "Boost Drink" twice a day, start serving the "National Menu," and hire a director to oversee the food menu. ECF No. 1 at 8-9.

The Fourth Circuit has held that, where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Braddy v. Wilson, 580 F. App'x. 172 (4th Cir. 2014)[dismissing habeas petition alleging a condition of confinement claim as improperly brought under § 2241]; see also Lee v. Winston, 717 F.2d 888, 891–92 (4th Cir. 1983) [suit seeking to enjoin state officials from forcing defendant to undergo medical procedure was properly brought under civil rights statutes and not cognizable as a habeas petition]; Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978) [holding that a petitioner's claim which did not relate to release from parole must be treated as suit under § 1983 not as a petition for habeas relief]. The Federal Bureau of Prisons website indicates that Petitioner is currently located at USP McCreary in Pine Knot, Kentucky. See https://www.bop.gov/inmateloc/ (last visited May 4, 2016). Therefore, even if the Court were to construe this action as a Bivens claim rather than a habeas petition, as Petitioner is no longer at FCI-Estill, any claims for injunctive relief as to his conditions of confinement would be moot. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ["[A] prisoner's transfer or release from a particular prison moots his claims for



injunctive and declaratory relief with respect to his incarceration there."](citing Incumaa v. Ozmint, 507 F.3d 281, 286–87 (4th Cir. 2007)); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)[The transfer of a prisoner renders moot his claims for injunctive and declaratory relief.]. Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings. North Carolina v. Rice, 404 U.S. 244, 246 (1971).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.[5]

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 6, 2016
Charleston, South Carolina

---

[5] As Johnson v. United States is discussed as a possible basis for Petitioner's requested habeas relief, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

